UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY )<br>AMERICAS, fka BANKERS TRUST, etc.)<br>                  Plaintiff,     )<br>                               )<br>vs.                       )<br>                               )<br>ROOSEVELT LEMON, JR., et al.,   )<br>                               )<br>                  Defendants.   ) | CASE NO. 1:05CV2455<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br><br>**OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #16) for Summary Judgment of Plaintiff, Deutsche Bank Trust Company Americas, fka Bankers Trust Company, as Trustee ("Deutsche"), against Defendant Roosevelt Lemon, Jr. as well as Plaintiff's Motion (ECF DKT #18) for Default Judgment against the Unknown Spouse, if any, of Roosevelt Lemon, Jr. For the reasons that follow, both motions are granted.

### I. FACTUAL BACKGROUND

On May 10, 2002, Defendant Roosevelt Lemon, Jr. executed a Promissory Note and executed and delivered a Mortgage to secure amounts due on the Note. Deutsche is the holder and owner of the Note and Mortgage. The Mortgage conveys to Deutsche property commonly

known as 3386 East 134th Street, Cleveland, Ohio 44120, Permanent Parcel No. 130-08-044. Deutsche brought this Complaint, alleging Defendants are in default under the terms and conditions of the Note and Mortgage. Service was completed upon all Defendants. Defendant Roosevelt Lemon, Jr. answered; but Defendant, Unknown Spouse, did not answer, move or otherwise plead. A Clerk's entry of default was filed as to the Unknown Spouse on April 17, 2006. On January 24, 2006, Deutsche filed its Motion for Summary Judgment against Roosevelt Lemon, Jr. No opposition brief has been submitted.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J.*

*Reynolds Tobacco Co.*, 2005 WL 1917934, \*2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, \*9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.*

Deutsche submits the affidavit of its loan servicing agent, which establishes that Deutsche is the owner and holder of the Promissory Note and Mortgage and is entitled to enforce its rights under them; that Roosevelt Lemon, Jr. signed the Promissory Note, promising to make monthly payments on or before the date such payments were due; that the Mortgage conveyed to Deutsche the property commonly known as 3386 East 134th Street, Cleveland, Ohio 44120, Permanent Parcel No. 130-08-044; that monthly payments were not made; that written notice of default was given; that the sums due under the Note were accelerated; and that there is due and owing on the Note, principal in the amount of Eighty-Five Thousand Eight Hundred and Forty-Five Dollars and Twenty-Two Cents ($85,845.22), plus interest on the unpaid principal at the rate of ten and one-half percent per annum from June 14, 2005.

The Court finds that Defendant, Unknown Spouse, if any, of Roosevelt Lemon, Jr., has failed to file an answer to the Complaint, although duly served. Thus, the Motion of Plaintiff Deutsche for Default Judgment is granted.

Because Defendant, Roosevelt Lemon, Jr., has failed to file any response to Deutsche's Motion for Summary Judgment, the facts in Deutsche's supporting affidavit are unrefuted. Deutsche is, therefore, entitled to summary judgment in its favor as a matter of law. Fed. R. Civ. P. 56(c); Local Rule 7.1(g).

## III. CONCLUSION

For the foregoing reasons, judgment is granted in favor of Plaintiff Deutsche and against Defendants, Roosevelt Lemon, Jr. and his Unknown Spouse, if any, for the principal amount due on the Note in the amount of Eighty-Five Thousand Eight Hundred Forty-Five Dollars and Twenty-Two Cents ($85,845.22), plus interest on the outstanding principal balance at the rate of ten and one-half per cent per annum from June 14, 2005, and costs. If this judgment is not satisfied within ten (10) days, Plaintiff Deutsche may file its Proposed Decree in Foreclosure and Motion for Order of Sale and Appointment of Master Commissioner in accordance with the terms of General Order No. 2006-16.

**IT IS SO ORDERED.**

DATE: 8/21/06

_____
**CHRISTOPHER A. BOYKO**
**United States District Judge**